CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RJLD
JUL 16 2010
JOHN F. CORCORAN, CLERK
BY: /s/ H McElwood
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| DAVID RAY BARBOUR, <br>     Plaintiff, | Civil Action No. 7:10-cv-00143 |
| v. | **MEMORANDUM OPINION** |
| DEBBIE WHEELER, <br>     Defendant. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Plaintiff David Ray Barbour, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff alleges that the defendant, the warden of the Lynchburg Jail ("Jail"), is responsible for the commissary unlawfully confiscating funds from his inmate trust account. After screening plaintiff's submissions pursuant to 28 U.S.C. § 1915A(b)(1), I dismiss the complaint as barred by res judicata.

## I.

Plaintiff filed the instant complaint on March 30, 2010, in which he alleges the following facts. Plaintiff made a purchase from the Lynchburg Jail's commissary on February 7, 2010, and the commissary removed funds from his account. However, the commissary did not give him the ordered item. Because the commissary did not return his money or provide the item, plaintiff is suing the warden. Plaintiff requests damages as relief.

Earlier in March, plaintiff also filed a nearly identical complaint against the warden and the Jail. See Barbour v. Wheeler, et al., No. 7:10-cv-00089 (W.D. Va.). Plaintiff complained of the same actions by the Jail and the warden, and he demanded damages. I dismissed the action with a final judgment on the merits, pursuant to 28 U.S.C. § 1915A(b)(1), in April 2010.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

For a prior judgment to bar an action on the basis of res judicata, the prior judgment must be final, on the merits, and rendered by a court of competent jurisdiction in accordance with due process; the parties in the two actions must be either identical or in privity; and the claim in the second action must be based upon the same cause of action involved in the earlier proceeding. See Grausz v. Englander, 321 F.3d, 467, 472 (4th Cir. 2003). "The test for deciding whether the causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 162 (4th Cir. 2008) (quoting Pittston Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999) (internal marks omitted). An action is substantially the same as a prior action when it seeks the same relief and

implicates the same set of material facts. See Adkins v. Allstate Insurance Co., 729 F.2d 974, 976 (4th Cir. 1984). Furthermore, "two suits constitute the same cause of action if they rely on the same facts, even though the legal theories on which recovery is based or the remedies sought are different." Kutzik v. Young, 730 F.2d 149, 152 (4th Cir. 1984) (citing Mettee v. Boone, 251 Md. 332, 341, 247 A.2d 390 (1968)). I may take judicial notice of facts from a prior judicial proceeding when res judicata does not raise a disputed issue of fact. Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000).

A review of the records in these cases establishes that this action is barred by res judicata. I dismissed the other action with prejudice, and the facts alleged in this action mirror the facts alleged in the other action. Plaintiff named the same defendant in this action as he did in the other action. Finally, the claims in both actions are based upon the same complaint about plaintiff's inmate trust account, an undelivered commissary purchase. Accordingly, I dismiss the complaint for failing to state a claim upon which relief may be granted because it is barred by res judicata.

### III.

For the foregoing reasons, I dismiss the complaint, pursuant to 28 U.S.C. § 1915A(b)(1). I decline to exercise supplemental jurisdiction over any state law claim related to the allegations in this complaint, pursuant to 28 U.S.C. § 1367(c)(3).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 16th day of July, 2010.

Jackson L. Kiser
Senior United States District Judge